**WO** SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerime Antwon Proctor, | No. CV 09-0168-PHX-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Petitioner Jerime Antwon Proctor, who is confined in the Arizona State Prison Complex-Cook, in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2005-113351, pursuant to a plea agreement of one count of armed robbery and two counts of attempted sexual assault and was sentenced to 21 years in prison followed by lifetime probation. In his Petition, Petitioner names Dora B. Schriro as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises two grounds for relief. In Ground One, he alleges that the judge violated his Sixth Amendment rights in aggravating his sentence. In Ground Two, he alleges the judge and prosecutor violated his right to due process by violating the terms of the plea

---

[1] "Doc.#" refers to the docket number of filings in this case.

1  agreement to impose an aggravated sentence. The Court will require Respondents to answer
2  the Petition. 28 U.S.C. § 2254(a).
3  **II.    Warnings**
4      **A.    Address Changes**
5  Petitioner must file and serve a notice of a change of address in accordance with Rule
6  83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other
7  relief with a notice of change of address. Failure to comply may result in dismissal of this
8  action.
9      **B.    Copies**
10 Petitioner must serve Respondents, or counsel if an appearance has been entered, a
11 copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a
12 certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner
13 must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to
14 comply may result in the filing being stricken without further notice to Petitioner.
15     **C.    Possible Dismissal**
16 If Petitioner fails to timely comply with every provision of this Order, including these
17 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,
18 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
19 comply with any order of the Court).
20 **IT IS ORDERED:**
21 (1)    The Clerk of Court must serve a copy of the Petition (Doc.# 1) and this Order
22 on the Respondent and the Attorney General of the State of Arizona by certified mail
23 pursuant to Rule 4, Rules Governing Section 2254 Cases.
24 (2)    Respondents must answer the Petition within 40 days of the date of service.
25 Respondents must not file a dispositive motion in place of an answer but may file an answer
26 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
27 procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only
28 those portions of the record relevant to those defenses need be attached to the answer.

1  Failure to set forth an affirmative defense in an answer may be treated as a waiver of the
2  defense. <u>Day v. McDonough</u>, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative
3  defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules
4  Governing Section 2254 Cases.

5      (3)  Petitioner may file a reply within 30 days from the date of service of the
6  answer.

7      (4)  This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
8  Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
9  report and recommendation.

10  DATED this 12th day of February, 2009.

_____
Mary H. Murgia
United States District Judge

TERMPSREF

- 3 -