IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerime Antwon Proctor, ) | No. CV-09-0168-PHX-MHM (LOA) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Charles L. Ryan, et al. ) | |
| ) | |
| Respondents. ) | |
| ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (docket # 1) Respondents have filed an Answer, docket # 10, to which Petitioner has replied, docket # 11. For the reasons discussed below, the undersigned recommends that the Petition be denied.

**I. Factual and Procedural Background**

**A. Charges, Plea and Sentencing**

On May 16, 2005, Petitioner was indicted in Arizona Superior Court, Maricopa County, on one count of armed robbery, one count of kidnaping, three counts of sexual assault, and two counts of aggravated assault. (Respondents' Exh. B) The State also alleged a prior historical felony conviction in CR2003-032159-001, and that Petitioner committed the charged offenses while released from confinement. (Respondents' Exhs. C, D)

On May 24, 2006, Petitioner entered into a written plea agreement pursuant to which he pled guilty to Count One as charged - armed robbery, a class 2 dangerous felony; and amended Counts Three and Five - attempted sexual assault, class 3 felonies. (Respondents' Exh. F) Pursuant to the plea, the State dismissed Counts 2, 4, 6, and 7, and withdrew the

allegation of a prior felony conviction.  (Respondents' Exh. F) The plea agreement included

the following terms and conditions:

> 2. The parties stipulate to the following additional terms, subject to Court approval at sentencing as set forth in paragraph 7:
>
> FOR COUNT 1, THE DEFENDANT SHALL BE SENTENCED TO A TERM OF IMPRISONMENT IN THE DEPARTMENT OF CORRECTIONS FOR NO LESS THAN 14 YEARS.  FOR COUNTS 3 & 5, THE DEFENDANT SHALL BE PLACED ON LIFETIME PROBATION ON EACH COUNT.
>
> * * *
>
> 5. [T]his agreement [shall not] be binding on the State until the State confirms all representations made by the Defendant and his/her attorney, to-wit:
>
> THE DEFENDANT AVOWS ONE PRIOR FELONY CONVICTION.
>
> * * *
>
> 7. [B]y entering into a plea agreement, [Petitioner] consents to judicial fact finding by preponderance of the evidence as to any aspect or enhancement or sentence . . . .
>
> * * *
>
> 11.  I have read and understood the provisions of all pages of this agreement. I have discussed this case and my constitutional rights with my lawyer.  I understand that by pleading guilty I will be *waiving my right* to a determination of probable cause, *to a trial by jury* to determine guilt and *to determine any fact used to impose a sentence* within the range stated above in paragraph one . . . .

(Respondents' Exh. F) (emphasis added).

During the May 24, 2006 change of plea hearing, the trial court[1] reviewed the plea

agreement's terms with Petitioner.  (Respondents' Exh. G at 3-5)  Petitioner stated that he

had read the plea agreement and that his lawyer had explained its terms to him.

(Respondents' Exh. G at 7)   Petitioner stated that he had not been forced or threatened to

enter the plea agreement.  (Respondents' Exh. G at 9)  The court also discussed the

sentencing ranges for the charges contained in the plea agreement.  (Respondents' Exh. G at

3-5)  The court asked Petitioner if he understood "all the possible sentencing ranges," to

---

[1]  The Honorable Teresa A. Sanders presided.

which he responded, "Yes." (*Id.* at 5)  The court then discussed Petitioner's sentences as provided for in the plea agreement.   The court emphasized that the plea agreement provided that, on Count One, Petitioner would be "sentenced to prison for no less than 14 years, which is an aggravated term." (Respondents' Exh. G at 6)  The court further explained that the plea agreement provided that, for Counts Three and Five, Petitioner would be "placed on lifetime probation supervision with sex offender terms." (Respondents' Exh. G at 6) Additionally, the court explained that Petitioner's guilty plea would result in an automatic violation of his probation in CR 2003-030048. (*Id.* at 5)   Petitioner acknowledged that he understood the sentences provided for in the plea agreement.  (Respondents' Exh. G at 6-7) Petitioner also acknowledged that, in the plea agreement, he avowed he had only one prior felony conviction.  (Respondents' Exh. G at 7)  The court discussed the rights Petitioner was forfeiting by pleading guilty, and Petitioner stated that he understood the rights he was foregoing.  (Respondents' Exh. G at 9)   Petitioner's counsel then articulated a factual basis for the guilty pleas which Petitioner affirmed was an accurate description of the events in this case.  (Respondents' Exh. G at 11)   The court found that Petitioner pled guilty knowingly, intelligently, and voluntarily, and accepted Petitioner's guilty pleas.  (*Id.* at 13-14)

A sentencing hearing was conducted on August 11, 2006.  Petitioner was sentenced to "lifetime probation supervision" for Counts Three and Five to begin upon his release from the Department of Corrections for the armed robbery count.  (Respondents' Exh. H at 13) The court also revoked Petitioner's probation in CR 2003-030048, and sentenced him to a presumptive term of one year imprisonment with 581 days of presentence incarceration credit.  (*Id.* at 14-15)  On Count One, armed robbery, the court sentenced Petitioner to an aggravated term of 21 years' imprisonment with credit for 465 days of presentence incarceration.  (*Id.* at 16)   In support of the aggravated sentence, the court explained:

> With . . . regard to the armed robbery offense[,] up until February 24th, 2005, you had a relatively minimal criminal history, and whatever possessed you to become involved in this offense, I will never know.  But this was not just an armed robbery.  It was a home invasion that occurred in the middle of the night while

people were sleeping in their beds.  There were three people that were terrorized by four people carrying weapons.

One of the male victims was beaten repeatedly.  The female victim was dragged by her hair from her bed into the living room, and raped repeatedly.

The Court finds the only mitigating factor to be the defendant's age.

The aggravating circumstances are the defendant's prior felony conviction; the fact that he was on patrol [sic] while he was - the fact that he was on probation when he committed this offense; that he possessed a weapon while on probation; the presence of the accomplices; the nature and circumstances surrounding this particular armed robbery.

* * *

This was a horrific crime. And you may have to live with it the rest of your life, but the victims will as well. And there was an extreme emotional impact, and physical injury caused to the victims.  And the Court believes that this particular crime calls for the maximum period of time that the Court can give you under the plea agreement.

(Respondents' Exhs. H at 15-16, Exh. I)

**B. Post-Conviction Proceedings**

On November 8, 2006, Petitioner filed a timely notice of post-conviction relief and was appointed counsel.  (Respondents' Exhs. K, L)   On April 25, 2007, appointed counsel notified the court that he was unable to find any viable claims to raise in post-conviction proceedings.  (Respondents' Exh. M)   Thereafter, on June 12, 2007, Petitioner filed a *pro per* petition for post-conviction relief raising the following claims: (1) the trial court improperly considered elements of the offenses as aggravating circumstances in violation of his Sixth Amendment rights; (2) the trial court abused its discretion in considering aggravating factors that were elements of non-adjudicated offenses dismissed by the State in violation of his Fifth Amendment rights; (3) the trial court abused its discretion in considering allegations which had not been proven beyond a reasonable doubt, citing *Apprendi v. New Jersey* and *Jones v. United States,* in violation of his Sixth, Eighth, and Fourteenth Amendment rights; (4) the sentence imposed exceeded the maximum authorized by law in violation of his due process rights; and (5) he was denied "specific performance" of the plea agreement in violation of his Fifth, Sixth, Eighth and Fourteenth Amendment rights. (Respondents' Exh. N)  After reviewing the pertinent documents and the record, the court

- 4 -

dismissed the petition, finding that Petitioner failed to state a colorable claim for post-conviction relief. (Respondents' Exh. Q)

On October 25, 2007, Petitioner filed a petition for review in the Arizona Court of Appeals, essentially arguing that the lower court's decision dismissing his petition for post-conviction relief was an incorrect interpretation of the law. (Respondents' Exh. R) On June 3, 2008, the Court of Appeals denied review. (Respondents' Exh U)

On June 26, 2008, Petitioner filed a petition for review by the Arizona Supreme Court which was denied on October 21, 2008. (Respondents' Exh. V, W)

**C. Petition for Writ of Habeas Corpus**

Petitioner subsequently filed a timely Petition for Writ of Habeas Corpus in this Court. (docket # 1, docket # 10). Petitioner raises two grounds for relief which he divides into separate paragraphs, or subparts as identified by Respondents. (docket # 1 at 6-7) For ease of reference, the Court identifies as Petitioner's claims as Ground 1(a) -1(e), and Ground 2(a) - 2(d).

**Ground 1**: The trial court abused its discretion and violated Petitioner's United States Constitutional Sixth Amendment rights.

> Ground 1(a): "The trial judge used untried untrue allegations contained in police reports only as aggravating factors to increase Petitioner's sentence from a presumptive [term] of 10.5 years to an aggravated term of 21 years."

> Ground 1(b): "The trial judge's inquiry beyond Petitioner's statement of factual basis for plea agreement violated" the Sixth Amendment.

> Ground 1(c): "The trial judge used elements of offenses that were dismissed pursuant to the plea agreement as aggravating factors."

> Ground 1(d): "Aggravating factors were determined by the trial judge, and not proven to a jury beyond a reasonable doubt."

> Ground 1(e): Petitioner's "sentence is illegal [because pursuant to A.R.S. § 13-710(A),] petitioner's sentence is one year greater than a person's second conviction for second degree murder.

**Ground 2:** "the trial judge and the state prosecutor . . . violated Petitioner's Fourteenth Amendment Due Process rights.

> Ground 2(a): the State violated paragraph 3 of the plea agreement which states that "the allegation of a prior felony would not be made, yet during sentencing, the Stated [sic] did allege a prior felony conviction."

- 5 -

Ground 2(b): "Pursuant to [the] plea agreement, Counts 2, 4, 6 and 7 of the indictment were dismissed with prejudice, thereby dismissing the elements of those offenses, yet elements of dismissed offenses were used as aggravating factors during sentencing."

Ground 2(c): "The State subdivided the fact that Petitioner handled a weapon into multiple offenses creating a double jeopardy violation."

Ground 2(d): Petitioner's sentence of 21 years in violation of A.R.S. § 13-604(I) exceeds the maximum authorized by Arizona law and the court failed to find aggravating factors as prescribed by A.R.S. § 13-702(c).

(docket # 1 at 6-7)

Respondents filed an Answer to Petition for Writ of Habeas Corpus. asserting that each of Petitioner's claims should be denied for various reasons. (docket # 10)   Respondents argue that Grounds 1(a), 1(b), 1(e), and Ground 2(d) are procedurally defaulted and barred from habeas review. (docket # 10 at 13)   Respondents argue that Petitioner's guilty plea bars federal habeas corpus review of Grounds 1(a) and 2(c). Finally, Respondents argue that Petitioner's remaining claims, Grounds 1(c) and 1(d), and Grounds 2(a) and 2(b) lack merit. The Court will address these arguments below.

## II. Exhaustion and Procedural Bar

Respondents argue that because Petitioner did not properly exhaust Grounds 1(a), 1(b), 1(e), and Ground 2(d), those claims are procedurally defaulted and barred from federal habeas corpus review. (docket # 10 at 13)   Petitioner disputes this assertion. (docket # 11)

### A. Relevant Legal Principles

Pursuant to 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's application for a writ of habeas corpus, the prisoner must have exhausted available state-court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim.").

To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must "fairly present" her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). Contrary to Respondents' assertion, in Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either on direct appeal or in a petition for post-conviction relief. *See Crowell v. Knowles,* 483 F.Supp.2d 925 (D.Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)); *Swoopes*, 196 F.3d at 1010 (stating that "Arizona has declared that its complete round [of appellate review] does not include discretionary review before the Arizona Supreme Court.")

To fairly present a claim, a habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. *Tamalini v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000) (insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial"). Similarly, a mere reference to the "Constitution of the United States" does not preserve a claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." *Lyons*, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition or brief filed in that court to discover the federal claim.

*Baldwin*, 541 U.S. at 27. In summary, a "petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum; (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless, be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); Ariz.R.Crim.P. 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense

impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

**B. Application of Law to Petitioner's Claims**

**1. Ground 1(a)**

In Ground 1(a), Petitioner argues that the "trial judge used untried untrue allegations contained in police reports only as aggravating factors to increase petitioner's sentence from a presumptive 10.5 years to an aggravated term of 21 years." (docket # 1 at 6) Respondents argue that Petitioner failed to properly exhaust this claim because he raised it for the first time in his petition for review to the Arizona Supreme Court. (docket # 10)

Contrary to Respondents' assertion, the record reflects that Petitioner presented this claim to the trial court on post-conviction review. (Respondents' Exhs. N, R) In his petition for post-conviction relief, Petitioner asserted that the "introduction of non-adjudicated offenses during the sentencing phase" violated the Sixth Amendment of the U.S. Constitution. (Respondents' Exh. N at 2) The post-conviction court recognized that Petitioner raised this claim, and rejected it. (Respondents' Exh. Q at 2) Liberally construing the pleadings, Petitioner also raised this claim in his petition for review to the Arizona Court of Appeals. (Respondents' Exh. R) Accordingly, Petitioner properly exhausted the federal claim asserted in Ground 1(a) and the Court will consider the merits of this claim.

**2. Ground 1(b)**

In Ground 1(b), Petitioner argues that the "trial judge's inquiry beyond the Petitioner's statement of factual basis for plea agreement violated U.S. Constitution 6[th] Amendment." (docket # 1 at 6)   Respondents assert that Petitioner did not properly exhaust this specific claim because he did not present it to the Arizona Court of Appeals.  (docket # 10)   A petitioner satisfies the exhaustion requirement by fairly presenting a federal claim to the appropriate state courts in the proper manner.  *Vasquez v. Hillery,* 474 U.S. 254, 257 (1986)  Because Petitioner failed to raise this claim in his petition for review to the Arizona Court of Appeals, this claim has not been properly exhausted.  *See O'Sullivan*, 526 U.S. at 845. Regardless, this claim lacks merit as discussed in Section III, *infra*.

**3. Ground 1(e)**

In Ground 1(e), Petitioner argues that his "sentence is illegal, in that pursuant to Arizona law A.R.S. § 13-710(A)(b) petitioner['s] sentence is one year greater than a person's second conviction for second degree murder."  (docket # 1 at 6)   Respondents' assert that Petitioner has not properly exhausted this claim.  (docket # 10)   The record reflects that Petitioner never presented this claim to any state court.  (Respondents' Exhs. N, R, V)  In view of Petitioner's failure to present this claim to the state courts, it is unexhausted and barred from federal habeas corpus review as discussed in Section III, *infra*.

**4. Ground 2(d)**

In Ground 2(d), Petitioner states that his "sentence of 21 years in violation of A.R.S. 13-604(I) exceeds that authorized by Arizona.  Prior felony allegation by the State during sentencing violated A.R.S. 13-604 (P).  The Court failed to find aggravating factors as prescribed by A.R.S. 13-702(C)." (docket # 1)   Respondents assert that Petitioner has not properly exhausted this claim.  (docket # 10 at 18)   A petitioner satisfies the exhaustion requirement by fairly presenting a federal claim to the appropriate state courts in the proper manner. *Vasquez v. Hillery,* 474 U.S. 254, 257 (1986)   The record reflects that Petitioner did not raise this claim either in his petition for post-conviction relief, or in his petition for review to the Arizona Court of Appeals.  (Respondents' Exhs. N, R)  Rather, he raised this

claim for the first time in his petition for review to the Arizona Supreme Court. (Respondents' Exh. V) Review by the Arizona Supreme court is discretionary in cases not involving a life sentence of death penalty. *Arizona v. Shattuck*, 140 Ariz. 582, 684 P.2d 154, 156 (1984). Raising issues for the first time in a petition for discretionary review does not satisfy § 2254's exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

### C. Procedural Bar

Petitioner's claims raised in Ground 1(b) and (e), and Ground 2(d) are technically exhausted and procedurally barred, because a return to state court to present those claims would be futile as they are procedurally barred under Arizona law. Petitioner is time-barred from raising these claims in a successive petition for post-conviction relief because the time for filing a notice of post-conviction relief has long expired. *See* Ariz.R.Crim.P. 32.1 and 32.4 (a petition for post-conviction relief must be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later.")

Additionally, under Rule 32.2(a) of the Arizona Rules of Criminal Procedure, a defendant is precluded from raising claims that could have been raised on direct appeal or in any previous collateral proceeding. *See State v. Curtis,* 185 Ariz. 112, 113, 912 P.2d 1341, 1342 (App. 1995) ("Defendants are precluded from seeking post-conviction relief on grounds that were adjudicated, or could have been raised and adjudicated, in a prior appeal or prior petition for post-conviction relief."); *State v. Berryman,* 178 Ariz. 617, 624, 875 P.2d 850, 857 (App. 1994) (defendant's claim that his sentence had been improperly enhanced by prior conviction was precluded by defendant's failure to raise issue on appeal).

Because Grounds 1(b), (e) and 2(d) are procedurally defaulted, they are barred from federal habeas corpus review absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." To establish "cause", a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Murray,* 477 U.S. at 488-492. The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not

- 11 -

reasonably available, or (3) constitutionally ineffective assistance of counsel. *Id.* Prejudice is actual harm that results from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). Where petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray,* 477 U.S. 527, 533 (1986).

Petitioner offers no arguments to overcome the procedural bar other than asserting that he lacks legal knowledge. (docket # 11) Petitioner's status as an inmate and lack of legal knowledge do not constitute cause for his failure to present his claims to the Arizona courts. *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (finding that an illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause.)

Additionally, Petitioner has failed to show that failure to consider the defaulted claims will result in a fundamental miscarriage of justice. A federal court will only review a procedurally defaulted habeas claim on the merits if petitioner demonstrates that failure to consider the merits of the claim will result in a "fundamental miscarriage of justice." A "fundamental miscarriage of justice" occurs when a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298 (1995). The fundamental miscarriage of justice exception applies to a "narrow class of cases" in which a petitioner makes an extraordinary showing that an innocent person was probably convicted because of a constitutional violation. *Schlup v. Delo,* 513 U.S. 298, 231 (1995). Petitioner has the burden of demonstrating that a "constitutional violation has resulted in the conviction of one who is actually innocent." *Id.* at 327. To establish requisite probability, Petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 324, 327. New evidence presented in support of a fundamental miscarriage of justice claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence that was not presented at trial." *Id.* at 324, *see also, House v. Bell,* 547 U.S. 518 (2006) (stating that a fundamental miscarriage of justice contention must involve evidence that the trial jury did not have before it).

Petitioner has not offered any new evidence, or asserted that, in light of any newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

Because Petitioner has not established any basis to excuse his procedural default, Grounds 1(b), 1(e), and 2(d) are barred from federal habeas corpus review and the Court need not consider the merits of those claims.

## III. Merits Review

Respondents argue that Petitioner's remaining claims either lack merit, or that Petitioner waived his claims pursuant to his guilty plea. The Court will consider Petitioner's remaining claims after discussing the applicable standard of review.

### A. Standard of Review

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

Under the AEDPA, a federal court may not grant a habeas petition "with respect to any claim that was adjudicated on the merits in state court" unless the state court's decision was either (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2); *Carey v. Musladin*, 549 U.S. 70 (2006); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003); *Mancebo v. Adams*, 435 F.3d 977, 978 (9th Cir. 2006). To determine whether a state court ruling was "contrary to" or involved an "unreasonable application" of federal law, courts look exclusively to the holdings of the Supreme Court

which existed at the time of the state court's decision. *Mitchell v. Esparza*, 540 U.S. 12, 15-15 (2003); *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). Accordingly, the Ninth Circuit has acknowledged that it cannot reverse a state court decision merely because that decision conflicts with Ninth Circuit precedent on a federal constitutional issue. *Brewer v. Hall*, 378 F.3d 952, 957 (9th Cir. 2004); *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003). Even if the state court neither explained its ruling nor cited United States Supreme Court authority, the reviewing federal court must nevertheless examine Supreme Court precedent to determine whether the state court reasonably applied federal law. *Early v. Packer*, 537 U.S. 3, 8 (2003). The United States Supreme Court has expressly held that citation to federal law is not required and that compliance with the habeas statute "does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Id.*

A state court's decision is "contrary to" federal law if it applies a rule of law "that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent." *Mitchell v. Esparza*, 540 U.S 12, 14 (2003) (citations omitted); *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

A state court decision is an "unreasonable application of" federal law if the court identifies the correct legal rule, but unreasonably applies that rule to the facts of a particular case. *Williams*, 529 U.S. at 405; *Brown v. Payton*, 544 U.S. 133, 141 (2005). An incorrect application of federal law does not satisfy this standard. *Yarborough v. Alvarado*, 541 U.S. 652, 665-66 (2004) (stating that "[r]elief is available under § 2254(d)(1) only if the state court's decision is objectively unreasonable.") "It is not enough that a federal habeas court, in its independent review of the legal question," is left with the "firm conviction" that the state court ruling was "erroneous." *Id.*; *Andrade*, 538 U.S. at 75. Rather, the petitioner must establish that the state court decision is "objectively unreasonable." *Middleton v. McNeil*, 541 U.S. 433 (2004); *Andrade*, 538 U.S. at 76.

1    In conducting an analysis under the AEDPA, the habeas court considers the last

2  reasoned state court decision addressing the claim.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803

3  (1991). Additionally, the habeas court presumes that the state court's factual determinations

4  are correct and petitioner bears the burden of rebutting this presumption by clear and

5  convincing evidence.  28 U.S.C. § 2254(e)(1) (stating that "a determination of factual issues

6  made by a State court shall be presumed to be correct.  The applicant shall have the burden of

7  rebutting the presumption of correctness by clear and convincing evidence."); *Williams v.*

8  *Rhoades*, 354 F.3d 1101, 1106 (9th Cir. 2004).

9    Where a state court decision is deemed  "contrary to" or an "unreasonable application

10  of" clearly established federal law, the reviewing court must next determine whether it

11  resulted in constitutional error.  *Benn v. Lambert*, 283 F.3d 1040, 1052 n. 6 (9th Cir. 2002).

12  On habeas review, the court assesses the prejudicial impact of most constitutional errors by

13  determining whether they "had substantial and injurious effect or influence in determining

14  the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (quoting *Kotteakos v.*

15  *United States*, 328 U.S. 750, 776 (1946)); *see also Fry v. Pliler*, 551 U.S. 112 (2007) (*Brecht*

16  standard applies whether or not the state court recognized the error and reviewed it for

17  harmlessness).  The *Brecht* harmless error analysis also applies to habeas review of a

18  sentencing error.  The test is whether such error had a "substantial and injurious effect" on

19  the sentence.  *Calderon v. Coleman*, 525 U.S. 141, 145-57 (1998) (holding that for habeas

20  relief to be granted based on constitutional error in capital penalty phase, error must have had

21  substantial and injurious effect on the jury's verdict in the penalty phase.); *Hernandez v.*

22  *LaMarque*, 2006 WL 2411441 (N.D.Cal., Aug. 18, 2006) (finding that even if the evidence

23  of three of petitioner's prior convictions was insufficient, petitioner was not prejudiced by the

24  court's consideration of those convictions because the trial court found four other prior

25  convictions which would have supported petitioner's sentence.)  The Court will review

26  Petitioner's claims under the applicable standard of review.

27  / / /

28  / / /

**B.  Grounds 1(a), (b) and (d) - Sentencing Challenge**

Grounds 1(a), (b), and (d) assert essentially the same argument - that the trial court imposed an aggravated sentenced based on facts not found by a jury beyond a reasonable doubt in violation of the Sixth Amendment.  (docket # 1 at 6)  Specifically, in Ground 1(a), Petitioner contends that the "trial judge used untried untrue allegations contained in police reports . . . as aggravating factors to increase petitioner's sentence from a presumptive of 10.5 years to an aggravated term of 21 years."  (docket # 1) In Ground 1(b), Petitioner argues that the court's determination of aggravating factors is based on facts other than those which Petitioner admitted as the factual basis for his guilty plea.  In Ground 1(d), Petitioner argues that "aggravating factors were determined by [the] trial judge, and not proven to a jury beyond a reasonable doubt."  (docket # 1 at 6)

Respondents argue that Petitioner waived his challenges to his aggravated sentence asserted in Ground 1 pursuant to his guilty plea.  (docket # 10)  As discussed below, the Court agrees that Petitioner's guilty plea effectively waived a challenge to his sentence on Sixth Amendment grounds.  Additionally, Petitioner's sentencing claims lacks merit.

The terms of the plea agreement are controlled by the principles of contract law. *See, e.g.*, *United States v. Sandoval-Lopez*, 122 F.3d 797, 800 (9th Cir.1997) ("Plea bargains are contractual in nature and subject to contract-law standards."); *United States v. Keller*, 902 F.2d 1391, 1393 (9th Cir. 1990).  Thus, courts apply contract principles to examine and enforce the plain language of the contract, or plea agreement, and do not consider extrinsic evidence to interpret the terms plea agreement if it is clear and unambiguous on its face. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000)(*citing Wilson Arlington Co. v. Prudential Ins. Co. of America*, 912 F.2d 366, 370 (9th Cir. 1990)); *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001).  The Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions).  Likewise, the Supreme Court has held that a

defendant's right to a jury trial on aggravating factors may be waived. *Blakely v.*
*Washington*, 542 U.S. 296, 310 (2004).

As set forth below, the plea agreement in this case specifically provided that Petitioner waived his right to jury determination of aggravating factors and waived his right to challenge the imposition of a sentence that complied with the plea agreement. (Respondents' Exh. F) Specifically, paragraph one of the plea agreement stated that the crime of armed robbery, a class 2 dangerous felony, "carries a presumptive sentence of 10.5 years; a minimum sentence of 7 years; and a maximum sentence of 21 years." (Respondents' Exh. F) Paragraph 2 of the plea agreement further provided that, for Count One, armed robbery, Petitioner would be "sentenced to a term of imprisonment in the Department of Corrections for **no less than fourteen (14) years**." *Id.* (emphasis added) Pursuant to the plea agreement, Petitioner specifically waived his right to "a trial by jury to determine guilt and to determine any facts used to impose sentence with the range stated in paragraph one." (Respondents' Exh. F at 3) Petitioner also waived "any and all motions, defenses, objections, or requests which he has made or raised, or could assert hereafter, to the Court's entry of judgment against him *and imposition of a sentence* upon him consistent with this agreement." (Respondents' Exh. F at 2) (emphasis added)

During the change of plea hearing, the court advised Petitioner that Count One, armed robbery, carries the following sentencing range: a presumptive sentence of 10.5 years; a minimum sentence of 7 years; and a maximum sentence of 21 years. (Respondents' Exh. E at 5-7) The trial court further noted: "I see in paragraphs two and three that you have entered into some agreements with the State. In Count One you will be sentenced to prison for *no less than 14 years*, which is an aggravated term. . . .Is that your understanding of your agreement with the State?" (Respondents' Exh. G at 6-7) (emphasis added) Petitioner responded "Yes." *Id.* at 7. Consistent with the plea agreement and the applicable sentencing range, the trial court sentenced Petitioner to 21 years' imprisonment on Count One, armed robbery, a class 2 dangerous felony.

On post-conviction review, Petitioner challenged his 21-year sentence imposed on Count One, armed robbery. (Respondents' Exh. N) The State court found that Petitioner waived his right to have a jury determine aggravating circumstances. (Respondents' Exh. Q) The court further found that Petitioner's 21-year sentence was permitted under, and was consistent with, the plea agreement and that the court properly found the aggravating factors. (*Id.*) Petitioner has not shown that this determination is contrary to, or an unreasonable application of, federal law. 28 U.S.C. § 2254(d).

As the State court found, the plea agreement expressly waived Petitioner's right to have a jury determine aggravating factors at sentencing. (Respondents' Exh. F) The plea agreement also provided that Petitioner be sentenced to no less than 14 years' imprisonment on Count One, and waived Petitioner's right to challenge the imposition of a sentence that was consistent with the plea agreement. (Respondents' Exh. F) The 21-year sentence was consistent with the plea agreement. Because Petitioner was sentenced in accordance with the plea agreement, his guilty plea effectively waived his right challenge to his sentences. *See United States v. Shedrick,* 493 F.3d 292, 303 (3rd Cir. 2007) (concluding that defendant's "*Blakely*-based contention," was argument that defendant "waived as part of [his] plea agreement."); *United States v. Cortez-Arias*, 403 F.3d 1111 (9th Cir. 2005), *amended by* 425 F.3d 547, 548 n. 8 (2005) (joining other circuits in concluding that a claim under *[United States v.] Booker*, 543 U.S. 220 (2005) was waived when defendant waived the right to appeal his sentence, noting that in exchange for his guilty plea and waiver, the defendant received a benefit).

Moreover, even if Petitioner had not waived his right to challenge his sentence, his claims raised in Ground 1(a), (b), and (d) lack merit. (docket # 1 at 6) Petitioner argues that his aggravated sentence imposed on Count One, armed robbery, violates the Sixth Amendment because factors used to impose an aggravated sentence were not found by a jury beyond a reasonable doubt. The controlling Supreme Court law is *Blakely v. Washington*, 542 U.S. 296 (2000), in which the Supreme Court held any factor which leads to a sentence

greater than would be imposed based on the jury's finding of guilt must be found by a jury beyond a reasonable doubt.

The Sixth Amendment's jury-trial guarantee proscribes the imposition of a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *United States v. Booker*, 543 U.S. 220 (2005). Since it first articulated this rule, the Supreme Court has retained an exception for prior convictions. *Id.*; *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004); *United States v. Maria-Gonzalez*, 268 F.3d 664, 670 (9th Cir. 2001) (holding that prior aggravated felony conviction did not constitute an element of the offense where base sentence for illegally reentering the United States following deportation is enhanced if deportation was subsequent to conviction for aggravated felony); *United States v. Castillo-Rivera*, 244 F.3d 1020, 1025 (9th Cir. 2001) (holding that the district court could consider defendant's prior conviction in imposing sentence enhancement even though such conduct had not been charged in the indictment, presented to the jury, and proved beyond a reasonable doubt); *United States v. Pacheco-Zepeda*, 234 F.3d 411, 415 (9th Cir. 2001) (noting that *Apprendi* held that all prior convictions are exempt under *Apprendi's* new rule, therefore, district court properly considered prior convictions in sentencing).

In *Blakely*, the Court applied the rule announced in *Apprendi* and clarified that the "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . .In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 542 U.S. at 303-04 (emphasis in original). The Court concluded that before a trial court can impose a sentence above the statutory maximum, a jury must find beyond a reasonable doubt, or defendant must admit, all facts "*legally essential* to the punishment." *Blakely*, 542 U.S. at 313 (emphasis added).

As previously stated, the court in this case sentenced Petitioner to an aggravated term of 21 years' imprisonment on Count One, armed robbery.  The sentencing court found the following aggravating factors: (1) Petitioner's prior felony conviction; (2) Petitioner's probation status; (3) Petitioner's possession of a weapon while on probation; (4) the presence of accomplices; (5) that the offense was a home invasion, involved physical violence and a sexual assault, and lasted for several hours, and (6) the emotional and physical harm caused to the victims.  (Respondents' Exh. G)  As discussed below, the court properly considered these factors in sentencing Petitioner and did not violate Petitioner's Sixth Amendment rights.

Applying *Blakely*, courts within the Ninth Circuit have held that a federal habeas petitioner's "prior conviction alone" is sufficient to support the imposition of "a sentence anywhere within the statutory range." *Jones v. Schriro*, No. CV-05-3720-PHX-JAT (DKD), 2006 WL 1794765, * 3 (D.Ariz., June 27, 2006).  In *Jones*, the court found no *Blakely* violation where petitioner's aggravated sentence was based, in part, on a prior conviction.  *Id.* at * 3 n. 2.  The court noted that "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute.'" *Id.* at * 2 (quoting *State v. Martinez*, 210 Ariz. 578, 585, 115 P.2d 618 (2005)).  Thus, the *Jones* court found that the rule of *Blakely* was satisfied once petitioner admitted a single aggravating factor.  *Id.* at * 3.  Specifically, petitioner in *Jones* admitted either in the written plea agreement, at the change of plea hearing, or at sentencing to three different aggravating factors.  *Id.*  The *Jones* court found that petitioner's admission of any one of those aggravating factors authorized the trial court to impose a sentence anywhere within the statutory range.  *Id.  See also, Nelson v. Schriro*, 2007 WL 4589488, at * 12 (D.Ariz., Dec. 20, 2007) (stating that "after a criminal sentence within the 'aggravated range' is authorized by means of a jury decision, a guilty plea, or the existence of a prior felony, the facts 'legally essential to punishment' have been found and other aggravating factors, not found by a jury or admitted in a guilty plea, may then be considered by the court in fixing a sentence within

the aggravated range.") (quoting *State v. Martinez*, 210 Ariz. 578, 585, 115 P.2d 618, 625 (Ariz. 2005)).

Similarly, in *Nino v. Flannigan*, No. 2:04cv2298-JWS (CRP), 2007 WL 1412493 (D.Ariz., May 14, 2007), the district court found that petitioner's aggravated sentence comported with *Blakely* where one aggravating factor, a prior conviction, was *Blakely*-exempt, and petitioner admitted the other aggravating factor during the plea colloquy. *Id.* at * 4. The court explained that, under A.R.S. § 13-702, the existence of a single aggravating factor exposes a defendant to an aggravated sentence. *Id.* In *Nino*, the trial judge considered two aggravating circumstances, "the criminal history beyond that alleged and proven and the struggle with the officers."*Id.* The court noted that *Blakely* does not require the fact of a prior conviction be presented to and found by a jury beyond a reasonable doubt. *Id.* (citing *Blakely*, 542 U.S. 296) "A history of prior convictions is *Blakely* exempt." *Id.* Accordingly, the *Nino* court held that because "one *Blakely* exempt factor supports the aggravated sentence, consideration of other factors imposing sentence does not violate Petitioner's Fifth and Sixth Amendment rights established in *Blakely*."

Similarly, in this case, Petitioner pled guilty to armed robbery, a class 2 dangerous felony. (Respondents' Exh. F) Petitioner admitted one prior felony conviction. (Respondents' Exh. F) Under the applicable Arizona law, at the time of Petitioner's sentencing a conviction for armed robbery, a class 2 dangerous felony, yielded a presumptive term of 10.5 years' imprisonment. (Respondents' Exh. F) The court could impose a term as low as 7 years, or an aggravated term as high as 21 years. (Respondents' Exhs. F, G) Petitioner's prior conviction is exempt from *Blakely's* jury trial requirement and allowed the trial court to impose an aggravated sentence. *Blakely*, 542 U.S. at 301-02.

Also exempt from *Blakely's* jury trial requirement are aggravating factors admitted by Petitioner. *Blakely*, 542 U.S. at 303. Petitioner admitted the following factual basis for his plea:

> [O]n February 24, 2005, in the city of Tempe, which is in Maricopa County, and with the jurisdiction of this court, [Petitioner], along with Mr. Jonathan Rose and others, entered into the apartment of

victims Daniel Schultz, Renee Unfricht and Sterling Hinton. In the course of taking property from the three alleged victims, they used threats and force to prevent the resistance of said victims from keeping them from taking their property.

During the course of taking their property one of the co-defendants was armed with a deadly weapon, and that deadly weapon was a shotgun. [Petitioner] was aware that there was a shotgun being used to facilitate this armed robbery.

Furthermore, on that day and that time, while in the apartment, two of the co-defendants, [Petitioner] and Mr. Jonathan Rose did attempt to sexually assault Ms. Renee Unfricht.

What they did was, without her consent, have sexual intercourse with her, against her will.

The reason that it's two counts, Your Honor, is because it's two different co-defendants, and they were acting as accomplices to one another, working as look-outs, and basically present to assure that these acts could be committed. (Respondents' Exh. G at 10-11)

After counsel provided the factual basis for Petitioner's guilty plea, the Court asked, "is that what happened, Mr. Proctor?" To which Petitioner responded, "Yes." (Respondents' Exh. G at 11) Petitioner admitted to entering a dwelling with accomplices, using threats and force to steal from the victims, being aware that a shotgun was used to facilitate the robbery, and engaging in sexual intercourse with a female victim without her consent. (Respondents' Exh. G at 10-11) Petitioner's admissions contained in the factual basis of his plea were sufficient to support, at the very least, the following aggravating factors found by the trial court: (1) the presence of accomplices, and (2) that the offense was a home invasion that involved physical violence and a sexual assault. These factors exposed Petitioner to the aggravated term of imprisonment in compliance with the Sixth Amendment. *Blakely*, 542 U.S. at 303-04. *See Rivera v. Fizer*, No. 06-2904-PHX-PGR (JI), 2007 WL 2994808, * 11 (D.Ariz., Oct. 12, 2007) (stating that "the maximum sentence was . . . authorized solely upon Petitioner's admission of multiple victims.")

Although the trial court also found several other aggravating factors, Petitioner's prior felony conviction, and/or the aggravating factors which he admitted - presence of an accomplice and facts surrounding the circumstances of the armed robbery- were sufficient to expose him to the aggravated term of imprisonment. *Blakely*, 542 U.S. at 303-04.

- 22 -

Based on the foregoing, the state court's finding that Petitioner's aggravated sentence did not violate the Sixth Amendment is neither contrary to, nor an unreasonable application of the Supreme Court's *Apprendi/Blakely* jurisprudence. 28 U.S.C. §2254(d).

### C. Ground 2(c) - Double Jeopardy Claim

In Ground 2(c), Petitioner argues that "[t]he state subdivided the fact that Petitioner handled a weapon into multiple offenses creating a double jeopardy violation." (docket # 1) Respondents assert that Petitioner's guilty plea bars federal habeas relief on this claim. (docket # 10 at 11)

Petitioner's guilty plea precludes a challenge to the nature of the charges against him. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (stating that when a defendant pleads guilty upon the advice of counsel, he may only attack the voluntary and intelligent character of the plea.); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

Moreover, Petitioner's Double Jeopardy claim lacks merit. Petitioner appears to argue that his rights under the Double Jeopardy Clause of the Fifth Amendment were violated when the trial court aggravated his sentence based on the use of a gun. Petitioner contends that the trial court double charged the use of a gun during the offense, such that Double Jeopardy was violated, because armed robbery contains the necessary element of use of a deadly weapon.

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." *U.S. Const., Amend. V.* In *Benton v. Maryland*, 395 U.S. 784 (1969), its protections were held applicable to the states through the Fourteenth Amendment. The guarantee against double jeopardy protects against: (1) a second prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for the same offense. *See Witte*, 515 U.S. at 395-96; *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980); *Staatz v. Dupnik*, 789 F.2d 806, 808 (9th

Cir.1986).  However, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, . . . the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent . . . ." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984).

In this case, the trial judge found that Petitioner's possession of a weapon while on probation was an aggravating factor. Contrary to Petitioner's suggestion, the court did not rely on Petitioner's mere use of the gun during the commission of the armed robbery as a factor in aggravating the sentencing.  Accordingly, the facts do not support Petitioner's claim that the State court applied the use of a gun as a separate factor to impose an aggravated sentence.

Moreover, a plain reading of the sentencing statute  reveals that the Arizona legislature intended to require judges to consider as aggravating factors any factor the judge deems  "appropriate" to reach a just decision. *See* Ariz.Rev.Stat. Ann. § 13-702(C); A.R.S. § 13-701(D)(24) (stating that "[f]or the purpose of determining the sentence pursuant to subsection C of this section, the trier of fact shall determine and the court shall consider" numerous enumerated aggravating circumstances, and "[a]ny other factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime.")  Here, the sentencing judge's considerations fall within this broad mandate. Thus, the trial court did not violate the Double Jeopardy Clause. *See Matney v. Stewart*, 2 Fed.Appx. 742 (9th Cir. 2001) (finding no double jeopardy violation where court considered as an aggravating factor an allegation that was dismissed in a prior plea agreement).

**D.  Ground 1(c) and Ground 2(b)**

Grounds 1(c) and 2(b) raise essentially the same challenge to Petitioner's sentence. (docket # 1 at 6, 7)  In Ground 1(c) Petitioner argues that the "trial judge used elements of offenses that were dismissed pursuant to plea agreement as aggravating factors."  (docket # 1)  Similarly, in Ground 2(b), Petitioner argues that "[p]ursuant to plea agreement counts 2,

4, 6, and 7 of the indictment were dismissed with prejudice, thereby dismissing the elements of those offenses.  Yet elements of dismissed offenses were used as aggravating factors during sentencing."  (docket # 1 at 7)  Respondents argue that these claims lack merit.  Respondents specifically argue that the trial court did not consider elements of the dismissed offenses as aggravating circumstances.

Pursuant to Petitioner's guilty plea, the charge of kidnaping and two counts of aggravated assault were dismissed.  (Respondents' Exh. F)  During Petitioner's sentencing, the trial court considered the following aggravating factors: (1) Petitioner's prior felony conviction; (2) Petitioner's probationary status when the offenses were committed; (3) Petitioner's possession of a weapon while on probation; (4) the presence of accomplices; and (5) the nature and circumstances surrounding the armed robbery.  (Respondents' Exh. H)  None of these aggravating factors were elements of offenses that were dismissed in the plea agreement.  (Respondents' Exhs B, F)

**E.  Ground 2(a)**

In Ground 2(a), Petitioner argues that the State violated his due process rights by alleging a prior felony conviction during sentencing in contradiction of paragraph 3 of the plea agreement.  (docket # 1)   Respondents agree that Petitioner properly presented this claim to the state courts, but contend this claim is meritless.  (docket # 10)

On post-conviction review, Petitioner argued that he was denied specific performance of the plea agreement because the state alleged Petitioner's prior conviction at sentencing.  (Respondents' Exh. N)   The state court rejected this claim, finding that Petitioner "was sentenced to a term guaranteed by the plea agreement, no less than 14 years.  The 21-year prison term imposed by the Court did not violate the plea agreement.  Defendant's argument is without merit."  (Respondents' Exh. Q)  Petitioner has not shown that the State court's determination was contrary to, or an unreasonable application of, federal law.  28 U.S.C. § 2254(d).  Therefore, he is not entitled to habeas corpus relief.

In *Garcia v. Schriro*, No. 06-855-PHX-DGC (DKD), 2006 WL 3292473 (D.Ariz., Nov. 9, 2006), the court found that the trial court properly considered petitioner's prior convictions as aggravating factors at sentencing, even though the plea agreement provided that the state withdrew the allegations of prior convictions. *Garcia*, 2006 WL 3292473, * 2. The court noted that the prior convictions were not alleged for the purposes of enhancing the sentencing range and that the court learned of the prior convictions from a probation officer's presentence investigation report and from petitioner's counsel. *Id.*

Like *Garcia*, the State's allegation at sentencing of Petitioner's historical prior felony conviction at pursuant to A.R.S. § 13-604(A), (B), (C), (G), (H), (U), which was dismissed in accordance with the plea agreement, was not used to increase Petitioner's sentencing range. The record reflects that historical prior conviction was not used to increase the sentencing range for Petitioner's conviction for armed robbery.  The sentencing range for Petitioner's guilty plea to Count One, armed robbery, was within the statutory range for a first offense class 2 dangerous offense pursuant to A.R.S. § 13-604(I), which was in effect at the time of Petitioner's sentencing  (Respondents' Exhs. F, G, I)  Moreover, the plea agreement did not prevent the trial court from using Petitioner's prior felony conviction to aggravate his sentence pursuant to A.R.S. § 13-702.

Accordingly, Petitioner has not stated a claim for habeas corpus relief in Ground 2(a).

**IV.  Conclusion**

In accordance with the foregoing, the Petition for Writ of Habeas Corpus should be denied because Petitioner has not presented any claim which entitles him to relief.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (docket # 1) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 23rd day of July, 2009.


Lawrence O. Anderson
United States Magistrate Judge