**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerime Antwon Proctor,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV 09-168-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is a Report and Recommendation (R&R) issued by Magistrate Judge Lawrence O. Anderson on Petitioner Jerime Antwon Proctor's Petition for Writ of Habeas Corpus. (Dkt. #12). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

**I.  BACKGROUND**

On May 16, 2005, Petitioner was indicted in Arizona Superior Court, Maricopa County, on one count of armed robbery, one count of kidnaping, three counts of sexual assault, and two counts of aggravated assault. (Dkt #10, Exh. B). The State also alleged a prior felony conviction as an aggravating factor. ( Id. at Exhs. C, D).

On May 24, 2006, Petitioner pled guilty to one count of armed robbery, a class two felony, and two counts of attempted sexual assault, class three felonies. ( Id. at Exh. F). The plea agreement included a provision that waived Petitioner's right to a trial by jury to determine guilt or any fact used to impose a sentence within the range proscribed in the plea

agreement. Pursuant to the plea agreement, the State dismissed Counts Two, Four, Six, and Seven, and withdrew the allegation of the prior felony conviction.

The trial court reviewed the plea agreement's terms with Petitioner. (Id. at Exh. G, p. 3–5). Petitioner stated that he had read the plea agreement and that his lawyer had explained its terms to him. (Id. at 7). Petitioner stated that he had not been forced or threatened to enter the plea agreement. ( Id. at 9). The court also discussed the sentencing ranges in the plea agreement in detail with the Petitioner. ( Id. at 3-5). Petitioner acknowledged that he understood the possible sentences in the plea agreement. (Id. at 6-7). The court also discussed the rights Petitioner forfeited by pleading guilty and Petitioner stated that he understood. (Id. at 11). The court found that Petitioner pled guilty knowingly, intelligently, and voluntarily, and accepted Petitioner's guilty pleas. ( Id. at 13-14).

On August 11, 2006 the court sentenced Petitioner to lifetime probation supervision for Counts Three and Five (the attempted sexual assault charges) to begin upon his release from the Department of Corrections for the armed robbery count. ( Id. at Exh. H, p. 13). The court also revoked Petitioner's probation for his prior conviction, CR 2003-030048, and sentenced him to a presumptive term of one year imprisonment with 581 days of pre-sentence incarceration credit. (Id. at 14-15). Due to several aggravating factors, the court sentenced Petitioner to an aggravated term of twenty-one years imprisonment with credit for 465 days of pre-sentence incarceration on this count. (Id. at 15-16; Doc. #10 at Exh. I).

On November 8, 2006, Petitioner filed a timely notice of post-conviction relief with the Maricopa County Superior Court and was appointed counsel. ( Id. at Exhs. K, L). On April 25, 2007, Petitioner's appointed counsel notified the court that he was unable to find any viable claims to raise in post-conviction proceedings. (Id. at Exh. M). On June 12, 2007, Petitioner filed a *pro per* petition for post-conviction relief raising the following issues: (1) the trial court improperly considered elements of the offenses as aggravating circumstances in violation of his Sixth Amendment rights; (2) the trial court abused its discretion in considering allegations which had not been proven beyond a reasonable doubt; (3) Petitioner did not waive his right to a jury determination of aggravating circumstances; (4) the sentence

imposed exceeded the maximum authorized by law in violation of due process; and (5) he was denied "specific performance" of the plea agreement in violation of the Fifth, Sixth, Eighth and Fourteenth Amendment. (Id. at Exh. N). The Superior Court dismissed the petition, finding that Petitioner failed to state a colorable claim for post-conviction relief. (Id. at Exh. Q). Petitioner subsequently filed an appeal with the Arizona Court of Appeals on October 25, 2007. (Id. at Exh. R). On June 3, 2008, the Court of Appeals denied review. (Id. at Exh U). Petitioner then filed a petition for review in the Arizona Supreme Court that was denied on October 21, 2008. (Id. at Exh. V, W).

On January 27, 2009, Petitioner filed a Petition for Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254, raising two grounds for relief: Sixth and Fourteenth Amendment violations. (Dkt. #1). Petitioner alleges in Ground One that the trial court violated his Sixth Amendment rights by (a) incorrectly using facts from the police report as aggravating factors; (b) inquiring beyond the factual basis for the plea agreement; (c) using elements of offenses that were dismissed pursuant to the plea agreement as aggravating factors; (d) using aggravating factors that were not considered by a jury; and (e) sentencing Petitioner to an illegal prison term "because [pursuant to A.R.S. § 13-710(A)], Petitioner's sentence is one year greater than a person's second conviction for second degree murder." In Ground Two, Petitioner alleges that the trial court violated his Fourteenth Amendment rights by (a) using Petitioner's prior felony conviction as an aggravating factor in violation of the plea agreement; (b) using elements of dismissed offenses as aggravating factors during sentencing; (c) "subdividing the fact that petitioner handled a weapon into multiple offenses creating a double jeopardy violation"; and (d) illegally sentencing Petitioner to a term beyond the maximum authorized under A.R.S. § 13-604(1) after failing to find aggravating factors under A.R.S. § 13-702. (Dkt. #1 at 6-7).

On January 27, 2009 Petitioner, who is confined in the Arizona State Prison system, filed a timely pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). In their Answer to the Petition for Writ of Habeas Corpus, Respondents argue that Grounds 1(a), 1(b), 1(e), and 2(d) are procedurally defaulted, while Petitioner's guilty plea

bars Grounds 1(a) and 2(c) from federal habeas review. (Dkt. #10 at 13) Finally, Respondents argue that Petitioner's remaining claims, Grounds 1(c), 1(d), 2(a), and 2(b) lack merit. (Dkt # 10 at 20-23).

On July 23, 2009, U.S. Magistrate Judge Lawrence O. Anderson issued a R&R denying the petition. ( Dkt. # 12). Petitioner filed objections pursuant to 28 U.S.C. § 636(b), thereby preserving his right to have this Court review the R&R. (Dkt # 13).

## II. STANDARD OF REVIEW

A district court reviews *de novo* the magistrate judge's recommendation to grant or deny a habeas petition. 28 U.S.C. § 636(b)(1)(c); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). In addition, a district court must review *de novo* the factual analysis in the R&R for those facts to which objections are filed. Id. "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000). Therefore, this Court will only review the Magistrate Judge's findings where Petitioner objected.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in state court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Taylor, 529 U.S. at 405-06. Indeed, "[a] state court's decision can involve an 'unreasonable application' of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or extends or fails to extend a clearly established legal principle

to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, a state court's application of federal law must be more than incorrect or erroneous, it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Furthermore, "[w]hen applying these standards, the federal court should review the 'last reasoned decision' by a state court." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

**III. DISCUSSION**

        **A. Exhaustion of State Remedies - Grounds 1(b), 1(e) and 2(d)**

        1. Legal Standard

Under 28 U.S.C. § 2254(b)(1) a federal court can only consider a petitioner's writ of habeas corpus after the petitioner exhausts all available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991). To properly exhaust state remedies, the petitioner must give *each* state court the opportunity to rule upon the merits of his claims in a procedurally appropriate manner. 28 U.S.C. § 2254(b)(1)(A); see O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)(same). A complete round of appellate review, however, does not include discretionary review before the Arizona Supreme Court when the prisoner was not sentenced to death. See Crowell v. Knowles, 483 F. Supp.2d 925 (D. Ariz. 2007)(discussing Swoops v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999)); Swoops, 196 F.3d at 1010 (stating that "Arizona has declared that its complete round [of appellate review] does not include discretionary review before the Arizona Supreme Court."). Therefore, when Petitioner is not sentenced to death, this requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals on either direct appeal or in a petition for post-conviction relief.

   A claim is fairly presented if the petitioner described both the operative facts and the federal legal theory on which his claim is based. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). A mere reference to the Constitution of the United States does not establish fair presentation of a federal constitutional claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Similarly, general appeals to broad constitutional principles, such as due process,

equal protection, and the right to a fair trial, do not establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shimway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000). Even if the basis of a federal claim is "self evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts." Lyons, 232 F.3d at 668. A state prisoner does not fairly present a claim to the state court if the court must read beyond the petition to discover the federal claim. Fundamentally, "if a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

        2. Petitioner Failed to Exhaust State Remedies for Grounds 1(b), 1(e), and 2(d)

In his R&R, Magistrate Judge Anderson found that Petitioner did not properly exhaust Grounds 1(b), 1(e) and 2(d). In his objection, Petitioner once again asserts that these claims were exhausted. This Court agrees with the Magistrate Judge's conclusions.

After examining the record, the Court agrees that Petitioner failed to raise Grounds 1(b), 1(e), and 2(d) in each state court. In Ground 1(b), Petitioner argues that the trial court violated his sixth amendment rights by inquiring beyond the factual basis for the plea agreement during sentencing. (Dkt. # 1 at 6). Petitioner asserts in Ground 1(e) that his sentence is illegal because, "pursuant to Arizona law A.R.S. § 13-710(A)(b) petitioner['s] sentence is one year greater than a person's second conviction for second degree murder." (Dkt. #1 at 6). In Ground 2(d) Petitioner asserts that the trial court sentenced him illegally to a term beyond the maximum authorized under A.R.S. § 13-604(1) after failing to find aggravating factors under A.R.S § 13-702. (Dkt #1 at 7). Petitioner failed to raise Ground 1(b) in his petition for review to the Arizona Court of Appeals. (Dkt. #10). Petitioner did not raise Ground 1(e) to any state court. (Doc. #10,' Exh. N, R, V). Petitioner failed to raise Ground 2(d) in his petition for post-conviction relief and in his petition for review to the

Arizona Court of Appeals. Consequently, these claims are not properly exhausted and are are barred from federal habeas corpus review in this court.

### B. Procedural Default

Having determined that Petitioner's claims are not exhausted, the Court must now consider the issue of Procedural Default.

1. <u>Legal Standard</u>

If a petition contains claims that were not fairly presented in state court, then the federal court must determine whether any state remedies remain available to the petitioner. See <u>Harris v. Reed</u>, 489 U.S. 255, 268-70 (1989) (O'Connor, J., concurring); <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982). If remedies are still available in state court, the federal court may dismiss the petition without prejudice pending the exhaustion of the state remedies. <u>Rose</u>, 455 U.S. at 520. However, if the Court finds that the petitioner no longer has state remedies available, his claims are procedurally defaulted and must be dismissed with prejudice unless petitioner can show a miscarriage of justice, cause and prejudice, or actual innocence that would excuse the default. <u>Teague v. Lane</u>, 489 U.S. 288, 298-99 (1989); <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376 (9th Cir. 2002). The standard for "cause and prejudice" is one of discretion and is intended to be flexible and yielding to exceptional circumstances only. See <u>Hughes v. Id.State Board of Corrections</u>, 800 F.2d 905, 909 (9th Cir. 1986). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. See <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43 (1982); <u>Thomas</u>, 945 F.2d at 1123 n.10. Status as an inmate and lack of legal knowledge do not constitute cause for failure to present claims to state courts. <u>Tacho v. Martinez</u>, 862 F.2d 1376, 1381 (9th Cir. 1988)(finding that petitioner's arguments concerning his mental health and reliance upon jailhouse lawyers did not constitute cause); <u>Hughes</u>, 800 F.2d at 909 (9th Cir. 1986) (finding that illiterate *pro se* petitioner's lack of legal assistance did not amount to cause to excuse a procedural default). Failure to establish cause may be excused "in an extraordinary case,

where a constitutional violation has probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 2. Petitioner's Claims are Procedurally Defaulted

Petitioner no longer has a remedy available in state court because the time has passed for Petitioner to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure. Under Rule 32.4(a), post conviction relief must be filed within ninety days after the entry of judgement and sentence or within thirty days of the issuance of the order and mandate in the direct appeal, whichever is later. Ariz. R. Crim. P. 34(a). The entry of judgement in the instant case was filed on August 16, 2006. Clearly, the time for filing a notice of post conviction relief has expired. Any notice not timely filed may only raise claims pursuant to rules 32.1 (d), (e), (f), (g) or (h) of the Arizona Rules of Criminal Procedure. Id. Rule 32.1 (d) applies to persons being held in custody after his or her sentence has expired. Ariz. R. Crim. P. 32.1 (d). Rule 32.1(e) pertains to newly discovered material facts that would have changed the verdict or sentence. Ariz. R. Crim. P. 32.1 (e) Rule 32.1(f) applies to situations where failure to file a timely notice of post conviction relief was "without fault on the defendant's part." Ariz. R. Crim. P. 32.1 (f) Rule 32.1(g) is applicable when a significant change in the law has occurred and rule 32.1(h) applies when the defendant can demonstrate that the facts underlying the claim would be sufficient to establish that no reasonable fact finder would have found defendant guilty. Ariz. R. Crim. P. 32.1 (g)-(h). Petitioner has not shown that any exceptions under Rule 32.1(d), (e), (f), (g) or (h) apply to him. Therefore, Petitioner's claims are procedurally defaulted. See Teague, 489 U.S. at 298-99; Sandgathe, 314 F.3d at 376.

Having determined that Petitioner's claims are procedurally defaulted, the Court now turns to whether Petitioner can demonstrate a miscarriage of justice, show cause and prejudice, or show actual innocence that would excuse the default. See Coleman, 501 U.S. at 750-51. Petitioner does not present evidence, in either his petition or objections to the Magistrate Judge's R&R, that demonstrates a miscarriage of justice, cause and prejudice, or

actual innocence. Petitioner only asserts that he lacks legal knowledge. Lack of legal knowledge does not constitute cause to excuse a procedural default. See Tacho, 862 F.2d 1376, 1381. While lack of cause may be excused in extraordinary cases where a violation of the Constitution resulted in the conviction of a person who is actually innocent, Petitioner has not asserted innocence–indeed he plead guilty. Therefore, the Court cannot consider Petitioner's unexhausted and procedurally defaulted claims and must deny Grounds 1(b), 1(e) and 2(d) of the instant Petition for Writ of Habeas Corpus with prejudice.

**C. Sixth Amendment Claims: Grounds 1(a), (c), (d) and 2(b)**

In the R&R, Magistrate Judge Anderson also concluded that the aggravated sentence did not violate Petitioner's Sixth Amendment rights because (1) Petitioner waived his right to challenge his aggravated sentence and (2) the trial court properly considered the aggravating factors. In his petition, reply, and objection, Petitioner alleges that his Sixth Amendment rights were violated because the trial court imposed an aggravated sentence based on unproven facts. (Dkt. #13 at 6). Respondents argue that Petitioner waived his right to challenge his aggravated sentence in his guilty plea. (Dkt. #10 at 21).

  1. Legal Standard

With the exception of a prior conviction, Criminal defendants have the right to submit any fact that increases the range of punishment beyond the prescribed statutory maximum sentence to a jury. A defendant may, however, waive this right in a plea agreement. Blakely v. Washington, 542 U.S. 296, 310 (2004); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The terms of a plea agreement are controlled by the principles of contract law. See e.g., United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997) ("Plea bargains are contractual in nature and subject to contract law standards."). Thus, courts apply contract principles to examine and enforce the plain language of a plea agreement and do not consider extrinsic evidence to interpret the terms of an agreement if it is clear and unambiguous on its face. United States v. Trapp, 257 F. 3d 1053, 1056 (9th Cir. 2001); United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000)(citing Wilson Arlington Co. V. Prudential Ins. Co.

Of America, 912 F.2d 366, 370 (9th Cir. 1990)). A waiver, however, of appellate rights is enforceable only if the waiver is made "knowingly and voluntarily." United States v. DeSantiago-Martinez, 980 F.2d 582, 582 (9th Cir. 1992); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991). A waiver is knowing and voluntary when the plea agreement is read in open court and signed by the defendant. United States v. Michlin, 34 F.3d 896, 898-99 (9th Cir. 1994).

### 2. The Aggravated Sentence Did Not Violate Petitioner's Sixth Amendment Rights

The R&R found that the Petitioner waived his right to challenge his aggravated sentence. This Court agrees. In this case, the trial judge read the sentencing terms of the plea agreement aloud to the Petitioner during the change of plea hearing. Petitioner also signed the plea agreement. Further, the plea agreement stated that Petitioner waived his right to a jury determination of aggravating factors and his right to challenge a sentence that complied with the plea agreement. (Doc. #10, Exh. F). Paragraph one of the plea agreement stated that the crime of armed robbery, a class two dangerous felony, "carries a presumptive sentence of 10.5 years; a minimum sentence of seven years; and a maximum sentence of twenty one years." (Doc. #10, Exh. F). Paragraph two of the plea agreement further provided that for Count One, armed robbery, Petitioner would be sentenced to a term of imprisonment in the Department of Corrections for no less than fourteen years. Id. Since the plea agreement contained a provision waiving his right to have a jury determine the aggravating factors and the court read the terms of the agreement aloud to him, the Petitioner knowingly and voluntarily waived his right to challenge his aggravated sentence in his guilty plea. See Michilin, 34 F.3d at 898-99 (finding a defendant knowingly and voluntarily waived his appellate rights where the prosecutor read the plea agreement in open court and the defendant signed the plea agreement, which included both a waiver provision and a provision stating that the defendant had read the plea agreement and understood its terms).

### 3. Petitioner's Sixth Amendment Claims Lack Merit

The R&R found that even if Petitioner did not waive his right to challenge his aggravated sentence, Petitioner's claims in Ground 1(a), 1(b), 1(c), 1(d) and 2(d) lack merit because the state trial court properly considered the aggravating factors. This Court concurs. A prior conviction alone is sufficient to support the imposition of "a sentence anywhere in the statutory range." Jones v. Schriro, 2006 WL 1794765, * 3 (D. Ariz. June 27, 2006). The Jones court stated that "once a jury finds or a defendant admits a single aggravating factor, the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." Id. at * 2 (quoting State v. Martinez, 210 Ariz. 578, 585, 115 P.2d 618 (2005)). Thus, the Jones court found that the Blakely rule was satisfied once petitioner admitted a single aggravating factor. Id. at 3. Similarly, in Nino v. Flannigan, 2007 WL 1412493 (D. Ariz. May 14, 2007), the district court found that the petitioner's aggravated sentence complied with Blakely where petitioner had a prior conviction and petitioner admitted other aggravating factors during the plea colloquy. Id. at *4. The court explained that under A.R.S. § 13-702, a single aggravating factor exposes a defendant to an aggravated sentence. Id.

A review of the factual basis for Petitioner's guilty plea substantiates the Magistrate Judge's finding that the trial court properly considered additional factors in sentencing. It shows that Petitioner admitted to entering a dwelling with accomplices, using threats and force to steal from the victims, knowing that a shotgun was used to facilitate the robbery, and engaging in sexual intercourse with a female victim without her consent. (Doc. #10, Exh. G at 11). The first aggravating factor, Petitioner's prior felony conviction, is exempt from the jury trial requirement. Petitioner admitted to the third and forth aggravating factors. Since the Petitioner admitted to these factors, they are also exempt from the jury requirement. Although, the trial court found several other aggravating factors, the properly considered aggravating factors were alone sufficient to expose him to the aggravated term of imprisonment. As a result, the state court's finding that Petitioner's aggravated sentence did

not violate the Sixth Amendment is neither contrary to, nor an unreasonable application of the Supreme Court's jurisprudence.

**D. Remaining Claims: Ground 2(a) and 2(c)**

Petitioner also raised a Double Jeopardy claim and a Due Process claim. Specifically, in Ground 2(a), Petitioner claims that the state violated the plea agreement by using his prior felony conviction as an aggravating factor and, in Ground 2(c), Petitioner claims that "the State subdivided the fact that Petitioner handled a weapon into multiple offenses creating a double jeopardy violation." (Dkt. #1 at 7). The R&R found that the trial court did not violate the Double Jeopardy Clause or the Due Process Clause. Petitioner did not object to the Magistrate Judge's ruling on these claims. "Failure to object to a Magistrate Judge's recommendation waives all objections to the Judge's findings of fact." Jones, 207 F.3d at 562, n. 2 (9th Cir. 2000). Therefore the Court will accept the Magistrate Judge's ruling that the trial court did not violate the Double Jeopardy Clause or Due Process Clause.

**IV. CONCLUSION**

In accordance with the foregoing, the Petitioner's for Writ of Habeas Corpus should be denied because Petitioner has not presented any claim that entitles him to relief.

**Accordingly,**

**IT IS HEREBY ORDERED** overruling Petitioner's Objections to the Magistrate Judge's R&R. (Dkt. # 13).

**IT IS FURTHER ORDERED** adopting the Magistrate Judge's R&R in its entirety as the Order of the Court. (Dkt. #12).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed. (Dkt. #1).

*/ / /*

**IT IS FURTHER ORDERED** that Petitioner's Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED.**

DATED this 29th day of March, 2010.

_____
Mary H. Murguia
United States District Judge